**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

GARRY MURRAY,

                          Petitioner,

      - v -                                        Civ. No. 9:04-CV-27
                                                                  (LEK/RFT)

TIMOTHY MURRAY, *Superintendent,*

                          Respondent.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| GARRY MURRAY<br>Petitioner, *Pro Se*<br>99-A-2434<br>Eastern NY Correctional Facility<br>Box 338<br>Napanoch, NY 12458 | |
| HON. ANDREW CUOMO<br>Attorney General for the State of New York<br>Attorney for Respondent<br>The Capitol<br>Albany, NY 12224 | GERALD J. ROCK, ESQ.<br>Assistant Attorney General |

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

     *Pro Se* Petitioner Garry Murray pled guilty to Robbery in the Second Degree, a Class C felony, on April 9, 1999. Dkt. No. 5, Resp't Answer, Attach. State Court Records [hereinafter "R"]. On that same date, Petitioner was sentenced to an indeterminate sentence of six (6) to twelve (12) years of incarceration by the Honorable Larry J. Rosen, Albany County Court Judge. *Id.* at R. at 397. Petitioner seeks a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 on the grounds that: (1) his conviction was obtained through the use of evidence gained pursuant to an unconstitutional

seizure of his person in violation of the Fourth Amendment; (2) his conviction was obtained by the use of evidence gained pursuant to an unconstitutional search of his home under the Fourth Amendment; (3) he was denied effective assistance of counsel; and (4) the state court rendered a decision without a complete court record. For the reasons that follow, it is recommended that the Petition be **DENIED**.

## I. BACKGROUND

On August 31, 1997, Petitioner aided two others in the armed robbery of a Price Chopper grocery store. R. at Miscellaneous State Court Records at pp. 9-10 [hereinafter "Misc. R."]. Petitioner was questioned by police about the robbery, consented to a search of his vehicle that revealed stolen property from the store, and later made inculpatory statements to police about his involvement in the robbery. Brief for Appellant and Appendix at pp. 10-11. On August 10, 1998, Petitioner pleaded guilty to Robbery in the Second Degree, Criminal Possession of Stolen Property in the Second Degree, and Criminal Possession of Marijuana in the Second Degree. R. at 300. Before his sentencing, Petitioner sought and was granted leave to withdraw his guilty plea. R. at 318-24. After retaining new counsel, Petitioner entered a guilty plea to one count of Robbery in the Second Degree in satisfaction of all indictments against him. Misc. R. at pp.143-55. Petitioner was sentenced to an indeterminate term of six (6) to twelve (12) years in prison. R. at 155.

On May 18, 2000, Petitioner filed a motion to set aside the conviction pursuant to § 440.20 of New York Criminal Procedure Law on the grounds that he was denied effective assistance of counsel and was the victim of malicious prosecution. R. at 409-547. Petitioner also requested an evidentiary hearing on the aforementioned issues. R. at 412. In a July 13, 2000 Decision and Order, the trial court denied his motion to vacate without holding an evidentiary hearing. R. at 549-

51. Petitioner then appealed both his conviction and the denial of his § 440 motion to the Appellate Division, Third Department, arguing that evidence used against him was illegally seized, his right to counsel was violated, he received ineffective assistance of counsel, denial of his § 440 motion without a hearing was improper, the record on the 440 motion was insufficient, and his sentence was harsh and excessive. *See* Brief for Appellant and Appendix**.** The Appellate Division affirmed on all counts. *People v. Murray*, 300 A.D. 2d 819, 822 (N.Y. App. Div. 3d Dep't 2002). Petitioner's subsequent motion seeking leave to appeal to the New York Court of Appeals was denied. *People v. Murray*, 99 N.Y. 2d 617 (2003). He then filed a Petition for *Writ of Habeas Corpus* on January 9, 2004. Dkt. No. 1, Pet.

## II.  DISCUSSION

### A.  Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996)  ("AEDPA"), a federal court may not grant *habeas* relief to a state prisoner on a claim unless the state court adjudicated the merits of the claim and such adjudication either

> 1) resulted in a decision that was contrary to, or involved an unreasonable application, of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Miranda v. Bennett*, 322 F.3d 171, 177-78 (2d Cir. 2003); *Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir. 2001).

The petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Jones v. Vacco,* 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL 22234679, at *3 (S.D.N.Y. Aug. 28, 2003).  The AEDPA also requires that "a determination of a factual issue made

by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d at 66; *Boyette v. LeFevre*, 246 F.3d at 88 (quoting § 2254(e)(1)) (internal quotations omitted).

The Second Circuit has provided additional guidance concerning application of this test, noting that:

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief: 1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled? 2) If so, was the state court's decision "contrary to" that established Supreme Court precedent? 3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams and Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)).

### B. Collateral Review of a Guilty Plea

It is an established principle of law that a defendant who pleads guilty to a criminal charge generally waives his right to appeal. *Lebowitz v. United States*, 877 F.2d 207, 209 (2d Cir. 1989). Upon making a constitutionally valid plea, unless an issue is specifically reserved for appeal by the court, a defendant waives all non-jurisdictional challenges including collateral attack. *Hayle v. United States*, 815 F.2d 879, 881 (2d Cir. 1987). Once accepted, any review of a collateral attack will be "limited to whether the pleas was voluntary, intelligent, and entered into with the advice of counsel." *Vasquez v. Filion*, 210 F. Supp. 2d 194, 197 (E.D.N.Y. 2002) (citing, *inter alia*, *Bousley v. United States*, 523 U.S. 614, 618 (1998); *United States v. Broce*, 488 U.S. 563, 569 (1989)).

The due process clause of the Fifth Amendment requires guilty pleas to be voluntary and intelligent in order to withstand constitutional muster. *Brady v. United States*, 397 U.S. 742, 748 (1970). "To determine the voluntariness of a plea, the court should consider all of the relevant

circumstances, including the possibility of a heavier sentence . . . [as well as] whether the court addressed the defendant and explained his options." *Bello v. People*, 886 F. Supp. 1048, 1054 (W.D.N.Y. 1995) (citing *Magee v. Romano*, 799 F. Supp. 269, 300 (E.D.N.Y. 1992)). Courts will also look to see whether the plea was entered into with the advice of counsel. *United States v. Broce,* 488 U.S. at 572. Pleading guilty with the aim of limiting the possible penalty has no bearing on voluntariness or on counsel's effectiveness. *North Carolina v. Alford,* 400 U.S. 25, 31 (1970). When a petitioner who pleads guilty on the advice of counsel later attacks the voluntariness of that plea, the petitioner has the burden of proving that counsel's advice deviated from the suitable range of competence expected of criminal lawyers. *Tollet v. Henderson*, 411 U.S. 258, 266 (1973) (citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

In this case, there is no indication in the record that Petitioner's plea was anything less than completely voluntary and intelligent. Petitioner was indicted on two counts of Robbery in the First Degree and three separate counts of Criminal Possession of Stolen Property, and was later indicted on one count of Criminal Possession of Marijuana in the Second Degree. R. at 1-2. In lieu of taking the five-count and one-count indictments to trial, Petitioner pleaded guilty to one count of Robbery in the Second Degree in satisfaction of both indictments. Misc R. at p. 148. By pleading guilty, Petitioner significantly lowered the potential time he would have had to serve.

Counsel's advice regarding the plea was clearly within the range of conduct expected of competent criminal lawyers. *Tollet v. Henderson*, 411 U.S. at 266. The Petitioner himself stated that he had discussed the plea with counsel, and was satisfied with the representation he received. Misc. R. at 147. Furthermore, the trial judge asked the Petitioner if he understood the consequences of his guilty plea, including his surrender of the right to a decision on the admissibility of certain

evidence in a suppression hearing, the right to a jury trial, and the right to remain silent, to which the Petitioner replied affirmatively. *Id*. at 149-50.

### 1. Ineffective Assistance of Counsel

Petitioner argues that his plea was made involuntarily not because of the conduct of his second attorney who advised him with respect to the final plea he entered, but because of certain alleged errors made by his first attorney. Dkt. No. 13, Pet'r Mem. of Law, Point II. Notwithstanding Petitioner's withdrawal of that plea, the subsequent plea which the Court finds was entered intelligently, voluntarily, and with the competent advice of counsel, precludes his independent claim of ineffective assistance of counsel that occurred prior to his final guilty plea. *Tollet v. Henderson*, 411 U.S. at 267 ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *see also United States v. Coffin*, 76 F.3d 494, 498 (2d Cir. 1996) (stating that defendant's ineffective assistance of counsel claim based on the conduct of his initial counsel was waived by his subsequent plea made with successor counsel).

Even assuming, *arguendo*, Petitioner had not waived his ineffective assistance of counsel claim with respect to his first attorney, Petitioner's claim would still fail. To establish ineffective assistance of counsel, a habeas petitioner must show 1) that counsel's representation fell below an objective standard of reasonableness measured by the prevailing professional norms; and 2) prejudice, *i.e.*, that there is a reasonable probability that, but for counsel's unprofessional performance, the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688 & 694 (1984). In the context of a guilty plea, to establish prejudice a petitioner

must show there is a reasonable probability that but for counsel's ineffectiveness petitioner would have insisted on a trial rather than pleading guilty. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).

In the case at bar, Petitioner claims his first counsel erred when he allowed Petitioner to be questioned by the police in the absence of counsel, which led to Murray providing inculpatory statements to the police. Pet. Mem. of Law, Point II. The Record reveals that prior to this questioning with counsel, Petitioner had already made inculpatory statements and that incriminating evidence in the form of stolen checks and money had already been found in his car and home. R. at 13-14 & 21-24. This damaging evidence prevents Petitioner from establishing prejudice under the second prong of the *Strickland* test. Having established a lack of prejudice, we need not address whether or not counsel's actions fell below an objective standard of reasonableness in allowing Petitioner to be questioned alone after his initial statement. *Strickland v. Washington*, 466 U.S. at 697 (stating that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . [i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice. . .that course should be followed.").

### 2. Fourth Amendment Unreasonable Search and Seizure

Petitioner alleges that his indictment and subsequent conviction were the result of an illegal arrest and an illegal search, both in violation of the Fourth Amendment. Pet., Grounds 1& 2. Specifically, Petitioner contends police arrested and detained him without probable cause and later illegally searched his home. *Id*. However, Fourth Amendment claims may not be considered in a *habeus* petition if the petitioner has been provided by the state courts a full and fair opportunity to litigate those claims. *McPhail v. Warden, Attica Correctional Facility*, 707 F.2d 67, 69 (2d Cir.

1983) (citing *Gates v. Henderson*, 568 F.2d 830 (2d Cir. 1977)).  New York provides suppression hearings to litigate such issues before trial under Criminal Procedure Law section 710.60, which has been held to comply with the *Gates* requirements.  *Capellan v. Riley*, 975 F.2d 67,70 n.1 (2d Cir. 1992) (citing cases).

In making his plea, Petitioner opted not to avail himself of the opportunity to make these Fourth Amendment claims.  The Record indicates that Petitioner made his plea in the middle of his suppression hearing and specifically waived his right to complete that and other pretrial proceedings by entering his plea.  Misc. R. at 150.  Therefore, he waived such claim by making his plea.  *See supra* Part II. B. at p. 4; *Hayle v. United States*, 815 F.2d 879 (2d Cir. 1987)

### 3. Sufficiency of State Record on Appeal

Petitioner alleges that the state trial court improperly denied his Criminal Procedural Law § 440.10 motion to vacate judgment because important documents were missing from the record. Pet., Ground 4.  Although Petitioner states that there were various important documents not considered, he did not attach them to his Petition, nor did he state specifically what those documents were or why their absence prejudiced him in any way. *Id.*  Petitioner indicates that the People's Opposition to the § 440.10 Omnibus Motion was not received, but we cannot conceive any manner in which said documents' absence would prejudice Petitioner.  This claim is beyond understanding and without merit.

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition for a Writ of *Habeas Corpus* be **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and

Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   June 14, 2007
       Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge